**NOT FOR PUBLICATION**                                                              **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILSON MARTE, | : |
|  | : Civil Action No. 06-4325(SDW) |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : **OPINION** |
| HON. MICHAEL J. ASTRUE, | : |
| COMMISSIONER OF SOCIAL | : |
| SECURITY | : |
|  | : June 2, 2008 |
| Defendant. | : |
|  | : |

**WIGENTON, District Judge**

      Before the Court is an appeal pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), filed by plaintiff Wilson Marte ("Plaintiff") requesting that this Court reverse the decision of the Commissioner or in the alternative, remand these claims to the Commissioner for reconsideration in light of deficiencies in the hearing before Administrative Law Judge Dennis O'Leary (the "ALJ"). The ALJ denied Plaintiff's claim for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383(c).

      The Court decides this matter upon review of the record provided and the papers submitted by the parties, without oral argument, pursuant to Federal Rules of Civil Procedure 78. For the reasons discussed below, the Court finds that the record lacks substantial evidence to

1

support the findings of the ALJ, and thus the August 12, 2005, ALJ Hearing Decision ("ALJ's Decision") will be **REMANDED** for further consideration by the Commissioner consistent with this Opinion.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), as there has been a final decision by the Commissioner and Plaintiff resides in the State of New Jersey.

**BACKGROUND**

Plaintiff is a twenty-eight year-old, male and a native of the Dominican Republic. ("ALJ's Decision" at 4 .)  He does not speak or write English and has eight years of education from his native country. (ALJ's Decision at 4.)  Plaintiff had rheumatic fever as a child and as a result, has suffered two cerebrovascular accidents (strokes) and one myocardial infarction (heart attack). (Pl.'s Br. at 13-14.)  Plaintiff had open heart surgery, replacing his aortic valve and his mitral valve on September 10, 1999.  (ALJ's Decision at 3.)

Plaintiff allegedly became disabled as of January 15, 2002, and filed an application for Disability Insurance Benefits on September 5, 2003.  (Pl.'s Br. at 1.)  On December 26, 2003 Plaintiff's application was denied by the Social Security Administration and on March 18, 2004 his Reconsideration application was also denied. (Def.'s Ex. 1B, 3B.)  Consequently, Plaintiff requested a hearing, which was held on June 23, 2005, before the ALJ. (Pl.'s Br. at 1.)  On August 12, 2005, the ALJ issued an unfavorable decision.  (Pl.'s Br. at 1.)  The ALJ found that

Plaintiff was not disabled from January 15, 2002 to September 30, 2004, the date that his insured status for disability benefits expired. (ALJ's Decision at 6.)

Plaintiff sought and was denied review by the Appeals Council on July 13, 2006. (Pl.'s Br. at 1.) Plaintiff has timely filed this action requesting review, reversal and remand of the ALJ's Decision. (Pl.'s Br. at 1, 30.)

**LEGAL STANDARD**

Standard of Review

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Serv.'s*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981). Furthermore, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In the determination of whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider the following: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F. Supp. 791, 793 (D.N.J. 1981) (citations omitted). Where there is substantial evidence to support the Commissioner's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Standard For Determining Eligibility of Disability Benefits

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). A disabling impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual is considered to be disabled "only if the impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any other kind of substantial gainful work* which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis

4

added).  The ALJ must demonstrate the relevant evidence used to deny a claimant's disability benefit is such that a "reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401 (citing *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)) .

In determining whether an individual is disabled, the Social Security Administration has established a five-step evaluation process.  *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); *see* 20 C.F.R. § 404.1520 (2007).  First, if the claimant is currently engaged in substantial gainful activity, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(I).  Second, if the claimant does not suffer from a "severe" impairment, he is not disabled.  20 C.F.R. § 404.1520(a)(4)(ii).  Third, if the claimant suffers from an impairment listed in appendix 1 of 20 C.F.R. part 404, subpart P, he is automatically eligible for benefits.  20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d). However, if the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step.  20 C.F.R. § 404.1520 (e).  In step four, if the Commissioner finds that claimant retains the "residual functional capacity" ("RFC") to perform his past relevant work, he is not eligible for disability benefits.  20 C.F.R. § 404.1520(a)(4)(iv). Fifth, and finally, if the claimant, given his medical impairments, age, education, past work experience, and residual functional capacity, can perform other work that exists in significant numbers in the national economy, he is not disabled and is not entitled to benefits.  20 C.F. R. § 404.1520(a)(4)(v).  The burden is on the claimant to prove the first four factors, but once the claimant has demonstrated that he is unable to perform his former job, the burden shifts to the Commissioner "to prove that there is some other kind of substantial gainful employment he is able to perform."  *Kangas*, 823 F.2d at 777 (citation omitted).

5

**DISCUSSION**

This case is remanded because the record lacks sufficient evidence for the Commissioner to decide that Plaintiff is not disabled, but is capable of light work. Plaintiff asserts entitlement to benefits due to disability pursuant to Title II and/or Title XVI of the Act as provided for in 42 U.S.C. §§ 423, 1383. (Pl's Br. at 1.) The central issue before this Court is whether there is substantial evidence to support the Commissioner's decision that Plaintiff was not "disabled," as defined by the statute. Plaintiff asserts that "substantial evidence exists in the administrative record to support a finding of disability" and that there are numerous deficiencies in the ALJ's Decision. (Pl.'s Br. at 1, 12.) Alternatively, Plaintiff argues that the Commissioner's final decision is not based on substantial evidence in the record and requests that this Court remand and order a new hearing. (Pl.'s Br. at 12.)

In this instance, the ALJ found Plaintiff met the requirements of the first two steps in this analysis. (ALJ's Decision at 2.) At step three, the ALJ determined that Plaintiff's impairments did not meet the required severity in the Listing of Impairments; therefore, the disability analysis proceeded to step four. (ALJ's Decision at 2.) The Plaintiff does not dispute these findings. (Pl.'s Br. at 12-13.) At step four, the ALJ found that Plaintiff does not have the RFC to return to his past work, but can perform light work. (ALJ's Decision at 2-3.) At step five, the ALJ found that jobs existed in the national economy that Plaintiff could perform considering his RFC to perform light work, as well as his age, education and prior work experience. (ALJ's Decision at 4.)

**Whether the ALJ Used Substantial Evidence to Determine that Plaintiff was not Disabled**

The ALJ, at step four, determined Plaintiff's RFC to perform light work[1] and he determined that Plaintiff could not return to his past work. (ALJ's Decision at 3-4.) This determination was based upon the ALJ's evaluation of Plaintiff's exertional and nonexertional impairments of which he found Plaintiff's subjective allegations of pain to not be credible. (ALJ's Decision at 3-4.) The ALJ's Decision must include proper reasoning to demonstrate that claimant's nonexertional limitations are not credible. *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981). This Court finds that the ALJ's Decision does not fully discuss the substantial evidence that may have been used to determine that Plaintiff's nonexertional impairments were not credible. (ALJ's Decision at 4.) Specifically, the ALJ notes that the record is devoid of recent clinical studies and relies heavily on portions of the 2003 assessments, even though the most recent 2005 assessment supports many of Plaintiff's assertions as to his nonexertional limitations. (ALJ's Decision at 3-4.) In addition, the ALJ should use a vocational expert where the ALJ has difficulty determining whether the claimant's nonexertional impairments significantly altered his ability to participate in an occupational base. SSR 83-14. Further, the ALJ fails to establish that Plaintiff can work the six hours of an eight hour work day that is required to perform light work. (ALJ's Decision at 3-4); *see Social Security Ruling* ("SSR") 96-7p (identifying seven factors the ALJ should consider in addition to objective medical evidence.)

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). [A] job is in this category if the job requires a good deal of walking or standing, sitting with some pushing or pulling of arm or leg. *Id.* (quotations omitted). If a claimant is found to have the RFC to perform light work, then the claimant has the capacity to perform sedentary work. *Id.*

7

Moreover, at step five, the ALJ did not meet his burden of proof when he determined that other work in the national economy exists that Plaintiff can perform. (ALJ's Decision at 4.) The record does not fully evidence whether jobs exist in the national economy that claimant can perform based upon his exertional and nonexertional impairments, and the ALJ should have discussed how claimant's impairments will impact his ability to do light work.

For the reasons discussed below, this Court finds the ALJ's Decision lacked sufficient factual basis to support the ALJ's Decision that Plaintiff was or was not disabled as within the meaning of the Act. 42 U.S.C. §§ 1381-1383 (c).

A. Substantial Evidence does not demonstrate that Plaintiff Could Perform Light Work

Plaintiff argues that the ALJ's finding is not based upon substantial evidence. (Pl.'s Br. at 12.) First, Plaintiff alleges that the ALJ's finding that he could perform light work is inaccurate. (Pl.'s Br. at 16.) Second, Plaintiff argues the ALJ did not properly consider his nonexertional impairments because he failed to have a vocational expert evaluate them. (Pl.'s Br. at 30.) As a result, the ALJ failed to meet his burden of proof at step five. (Pl.'s Br. at 23.) The Commissioner must determine the claimant's RFC and the claimant's ability to perform past work at step four of the disability evaluation. *See*, 20 C.F.R. § 404.1520 (iv). The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments." *Hartranft v. Apfel,* 181 F.3d 358, 359 (3d Cir. 1999); *see, also,* 20 C.F.R. § 404.1545(a). For this determination, the ALJ must use all relevant evidence in the case record to assess the claimant's RFC. *Burns v. Barnhart*, 312 F.3d 113, 129 (3d 2002)*; Cotter*, 642 F.2d at 704; *see, also*, 20 C.F.R. § 404.1545(a). The ALJ used the following medical evaluations as relevant evidence: the Raritan RFC questionnaire by Dr. Jason, the medical opinion of Dr. Martin

8

Fechner ("Fechner"), the medical record of Dr. Celia Roque ("Roque"), and Plaintiff's subjective allegations regarding pain. (ALJ's Decision at 3-4; *see Ex.* 11F, 5F, 7F, Tr.)

Although the ALJ utilized these medical evaluations to make his determination, he does not substantially develop the evidence contained therein. For instance, the ALJ relies in part on the RFC questionnaire signed by Dr. Jason, but he fails to explain his rejection of part of Dr. Jason's questionnaire.[2] (ALJ's Decision at 4.) For instance, the ALJ addressed "that the claimant can sit, stand and walk four hours continuously at one time in an 8-hour work day in a competitive situation and that he should avoid only 'strenuous' physical activity." (ALJ's Decision at 4.) However, he failed to explain his rejection of Dr. Jason's diagnosis that the Plaintiff has chest pain, dyspnea on exertion, experiences pain often, requires ten minute walks every sixty minutes, and has environmental limitations which include avoiding fumes, gases and chemical activity. (Ex. 11F.) The ALJ can reject evidence as non-probative, but is required to indicate why this evidence was considered not to be probative. *Cotter*, 642 F.2d at 705. In this instance, the ALJ failed to indicate why he chose to consider only part of Dr. Jason's evaluation to be credible, while the rest was not addressed.

The ALJ also utilized the medical evaluation of Dr. Fechner[3] who testified at the hearing. (ALJ's Decision at 3-4.) Similar, to the ALJ's evaluation of Dr. Jason's diagnosis, the ALJ

---

[2] The ALJ notes in his decision that Dr. Jason's last name was illegible on the Raritan RFC questionnaire and for this reason the ALJ refers to the doctor as Dr. Jason, rather than to his last name. (ALJ's Decision at 4.) Plaintiff states that Drs. Saini and Yewaisis, whom are also physicians at Raritan Bay Medical Center, executed the Raritan RFC questionnaire; however, the signature at the bottom of the questionnaire is from Dr. Jason. (Pl.'s Br. at 20, Ex. 11F.) Therefore, the ALJ attributes the Raritan RFC questionnaire to Dr. Jason's medical expertise, rather than to Drs. Saini and Yewaisis. (ALJ's Decision at 4.)

[3] Dr. Fechner is "an independent and impartial medical expert," and is board certified in internal medicine. (ALJ's Decision at 3.)

relied in part on the testimony of Dr. Fechner, which supported the determination that Plaintiff could perform light work, but did not address the entire medical diagnosis. (ALJ's Decision at 3-4.) Plaintiff contends that the ALJ should have given more weight to Dr. Roque's medical opinion because she is the treating physician. (Pl.'s Br. at 19-20.) However, the ALJ can decide that the non-treating physician's medical opinion will override the medical opinion of a treating physician, as long as the non-treating, physician's medical opinion is supported by the evidence in the record. *Alexander v. Shalala*, 927 F. Supp. 785, 795 (3d Cir. 1995). The ALJ found Dr. Fechner's determination that Plaintiff can perform light work based upon Plaintiff's exertional and nonexertional impairments to be credible. However, the ALJ failed to address Dr. Fechner's entire medical diagnosis. Specifically, the ALJ did not discuss why the claimant's chest pain and dizziness would not significantly hinder Plaintiff's ability to perform light work. (ALJ's Decision at 3.) Moreover, the ALJ should have explained with credible evidence whether Plaintiff's nonexertional impairments affect the Plaintiff's RFC. *Burns*, 312 F.3d at 129 (quoting *Mason v. Shalala,* 994 F.2d 1058, 1067 (3d. Cir. 1993)(holding the ALJ was required to give "serious consideration" to the Plaintiff's subjective complaints).

Additionally, the ALJ relied in part on the determination of Plaintiff's treating physician, Dr. Roque. (ALJ's Decision at 4.) The ALJ can give controlling weight to the treating physician's opinion, so long as it is consistent with other substantial evidence in the record and is well supported by medically acceptable clinical and laboratory diagnostic techniques. *Alexander,* 927 F. Supp. at 794. Specifically, the ALJ cited parts of Dr. Roque's diagnosis which "revealed that the claimant walked with a normal gait without any hand-held assistive devices and he had good overall mobility. Examination of his heart showed a regular sinus

10

rhythm and good heart sounds." (ALJ's Decision at 4; Def.'s Br. at 7.) In addition, the ALJ noted that Plaintiff complained of "chest pain, headaches, dizzy spells, shortness of breath on exertion, tiredness, fatigue, palpitations, light headiness and dyspnea on exertion" in this examination. (ALJ's Decision at 3). Dr. Roque also diagnosed Plaintiff with dizziness secondary to heart valve problems and/or stable angina pectoris secondary to ischemic heart disease evident on EKG.

The ALJ must evaluate the intensity and persistence of any pains which will affect the individual's ability to work in order to assure the validity of such allegations are supported by objective medical evidence. *Hartranft*, 181 F.3d at 362; *see* 20 C.F.R. § 404.1529(a). However, the ALJ did not find claimant's subjective complaints credible because Plaintiff's December 18, 2003 test demonstrated that the ejection fraction rate was over 30 percent, Plaintiff's "medical record [did] not contain more recent clinical studies and a more current ejection fraction reading to demonstrate whether the claimant's exercise capacity has increased or diminished since December 2003," and Plaintiff denied any episodes of dizziness during his November 18, 2003 medical examination. (ALJ's Decision at 3.) In this case though, the two consistent subjective allegations made by Plaintiff and diagnosed by the physicians are chest pain and dizziness. (ALJ's Decision at 1-4; Pl's Br. at 19-20.) Given Plaintiff's medical history, the ALJ should have assessed Plaintiff's allegations of pain and subjective complaints according to the Social Security Ruling factors in his analysis.[4] *SSR* 96-7p. For example, the ALJ failed to

---

[4] Social Security Ruling 96-7p lists seven factors to aid Administrative Law Judges who are assessing a claimant's subjective allegations of pain with objective medical evidence. The seven factors are: 1) the individual's daily activities, 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms, 5) treatment, other than medication, the individual receives or has received for relief

address how the side effects from Plaintiff's medical prescriptions for his blood, heart and depression would affect his ability to do light work. (*See*, Tr.; Pl's Br. at 13-15.)  The ALJ also failed to evaluate if the intensity and persistence of these symptoms will affect Plaintiff's ability to perform light work.  *Hartranft*, 181 F.3d at 362.  The ALJ did not discuss whether Plaintiff's RFC assessment of 38 percent would affect his ability to do light work, considering Plaintiff's subjective complaints.  Moreover, the ALJ found that Dr. Roque's diagnosis regarding Plaintiff's nonexertional limitations was inconsistent with the wall motion stress/resting SPECT test, which revealed a myocardial infarction with an ejection fraction rate of 38 percent.  (ALJ's Decision at 3-4.)

   Furthermore, the ALJ failed to address a significant inconsistency among the medical evaluations in the case record.  According to Dr. Roque and Dr. Fechner, Plaintiff is able to perform light work, but  Dr. Jason's more recent medical evaluation finds that Plaintiff is not able to perform light work.  (*See,* Ex. 5F, 11F and *Tr.*)  Dr. Roque and Dr. Fechner opine that Plaintiff can perform six hours of work in an eight hour day.  (*See,* Ex. 5F, 7F and *Tr.*)  On the other hand, Dr. Jason finds that Plaintiff can only work fours hours of an eight hour work day.  (Ex. 11F.)  While the ALJ's Decision acknowledges Dr. Jason's finding, he does not indicate how the Plaintiff fits the criteria of light work.  (ALJ's Decision at 4.)  An individual can perform light work generally if the person has "the ability to stand and carry weight for approximately six hours of an eight hour day." *Jesurum v. Secretary,*  48 F.3d 1124, 114 (3d Cir 1995)(citing Soc. Sec. Ruling 83-10 at 29.)  The ALJ determined that Plaintiff can not return to

---

of pain or other symptoms; 6) any measures other than treatment the individual uses or has uses to relieve pain other symptoms; and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. (quotations omitted).

his past work because it required him to perform heavy exertional work. (ALJ's Decision at 4.) However, the ALJ must reconsider the aforementioned evidence to determine if the Plaintiff retains the RFC to perform light work.

B. ALJ Determination that Plaintiff Could Perform "Other Work"

Plaintiff argues that the ALJ failed to properly consider his nonexertional impairments and relies on *Poulos v. Commissioner* for support that the ALJ must utilize a vocational expert to assess Plaintiff's nonexertional impairments.[5] *Poulos v. Commissioner,* 474 F.3d 88 (3d Cir. 2007); (Pl.'s Br. at 29 ). In *Poulos*, the Third Circuit remanded the case because the ALJ's decision was based only on the ALJ's opinion and did not provide the objective medical evidence of which he relied in the decision. *Id.* at 95. Plaintiff alleges that "the medical record and the opinion of plaintiff's treating physician stands for the proposition that plaintiff suffers nonexertional impairments" including "fatigue, lapses in concentration and attention and an inability to sustain a 40 hour work week due to fatigue, exhaustion, stress and a trillion other nonexertional deficits." (Pl.'s Br. at 29-30.) However*, Poulos* is distinguishable from the instant case because the ALJ in *Poulos* based his decision solely on his own opinion and not on supporting vocational evidence from the record. *Poulos,* 474 F.3d at 95. In the present case, the ALJ did not rely only upon his own opinion, but instead used medical-vocational guidelines,

---

[5] Nonexertional impairments are "[l]imitations or restrictions which affect your ability to meet the demands of jobs other than the [exertional impairments or] strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling, are considered nonexertional." 20 C.F.R. §404.1569a (a). Nonexertional impairments occur when "[y]ou have difficulty functioning because you are nervous, anxious, or depressed; [y]ou have difficulty maintaining attention or concentrating, [y]ou have difficulty understanding or remembering detailed instructions, [y]ou have difficulty seeing or hearing...tolerating some physical features of certain work settings... or [y]ou have difficulty performing the manipulative or postural function of some work..." 20 C.F.R. §404.1569a (c)(1).

rather than a vocational expert as support that Plaintiff's nonexertional impairments were "not credible, not consistent with the evidence and not supported by the evidence of record." [6] (ALJ's Decision at 4-5.) Specifically, Plaintiff's "cardiac and stroke-caused exertional and nonexertional symptoms" have been corrected with successful heart surgery and recovery from mild stroke. (ALJ's Decision at 4.) The ALJ also notes that although Plaintiff maintains that his nonexertional impairments preclude him from light work activity, these impairments have not required extensive medical care since 1999. (ALJ's Decision at 4.) Furthermore, the Plaintiff has not demonstrated that these nonexertional impairments preclude him from the strength and non-strength demands of light work. (ALJ's Decision at 4.)

At step five, the burden of proof shifts to the ALJ to demonstrate that Plaintiff can perform "other" work. 20 C.F.R. § 416.920. The ALJ must determine whether Plaintiff's exertional or nonexertional impairments will hinder Plaintiff's ability to perform "other" work. 20 C.F.R. § 404.1569a (a). The ALJ may use medical-vocational grids when a claimant has a combination of exertional and nonexertional impairments, if these limitations do not affect the claimant's ability to meet both the strength and non-strength demands of jobs. 20 C.F.R. § 404.1569a (c). The ALJ found Plaintiff's nonexertional impairments were not credible or consistent with the evidence presented in the record. (ALJ's Decision at 5.) However, the ALJ failed to address how Plaintiff's nonexertional impairments "will impact [his] ability to work." *Id.* Moreover, "the Commissioner cannot determine that a claimant's nonexertional impairments do not significantly erode his occupational base under the medical-vocational guidelines without

---

[6] Although not mentioned in the ALJ's Decision, Plaintiff's daily activities were apparently considered at the Hearing. (Def.'s Br. at 10.) Plaintiff admitted that "he did household chores such as cooking, taking out the garbage, going to stores and going for walks." (Def.'s Br. at 10.)

14

either taking additional vocational evidence establishing as much or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion)." *Sykes v. Apfel*, 228 F.3d 259, 261 (3d. Cir. 2000)(citing *Heckler v. Campbell*, 461 U.S. 458 (1983)). In the present case, since the ALJ has not indicated that he has taken additional vocational evidence and he did not give official notice to the Plaintiff, the Court finds that the ALJ may have improperly discounted Plaintiff's subjective complaints and nonexertional limitations.

The ALJ also evaluated Plaintiff's exertional impairments and found that Plaintiff could not return to past work, but retained the capacity to perform light work in other jobs. (ALJ's Decision at 4.) The ALJ must consider vocational evidence, such as the claimant's RFC, age, education and work experience to determine what type of other work the claimant can perform. 20 C.F.R. §§ 416.920(a)(v); 404.1560 (3)(c). The ALJ did find that Plaintiff can perform other work as provided in Rule 202.16, Table No. 2, Appendix 2, Subpart P, Regulations No. 4. (ALJ's Decision at 4-5.) However, these findings should be reviewed in light of the aforementioned considerations. Additionally, the ALJ needs to further develop the record including; but not limited to, Plaintiff's medical history, medical evaluations and reports, RFC and other vocational factors to determine whether Plaintiff is not disabled within the meaning of the Act.

**CONCLUSION**

For the foregoing reasons, the Court will **REMAND** this matter to the Commissioner to further develop the record in accordance with this Opinion. On remand, the Commissioner

should consider whether Plaintiff can perform light work as within the meaning of the act and whether Plaintiff's exertional and nonexertional impairments affect his ability to find other work in the national economy.

s/Susan D. Wigenton, U.S.D.J.